# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| JULIA CLARK-MIMS, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 6:16-CV-01244-RC |
| | § | |
| v. | § | |
| | § | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636(b)(3). On February 15, 2018, the Magistrate Judge issued a Report and Recommendation recommending that the ALJ's Decision be affirmed. Docket No. 19. Plaintiff filed an objection on March 1, 2018. Docket No. 20.

Plaintiff sole objection is that the Magistrate Judge erred in finding the ALJ's credibility finding was not erroneous because the ALJ did not consider medical record evidence of Plaintiff's decreased range of motion in her lumbar spine. Docket No. 20 at 1. Specifically, Plaintiff states that "[t]he Magistrate Judge explicitly stated that the medical records showed no significant decrease in the range of motion in [Plaintiff's] spine," but a medical record and a doctor's report show a decreased range in motion. *Id.* at 2.

The Court notes that Plaintiff did not discuss this issue in her initial brief. Docket No. 15 at 5–8. Plaintiff merely made a general argument that "[t]he ALJ failed to articulate the weight given to *each* of the medical opinions," but never cited to any evidence supporting this statement. *Id.* at 6. Because Plaintiff failed to identify the ALJ's error, she failed to meet her

initial burden to show there was any reversible error in the ALJ's credibility determination. *See Shinseki v. Sanders,* 556 U.S. 396, 129 S. Ct. 1696, 1699 (2009) ("The burden of showing harmfulness is normally on the party attacking an agency's determination.").

Even if the Court considers Plaintiff's argument, it does not change the outcome. The records Plaintiff points to state that Plaintiff has a decreased range in motion in her spine, but the records do not indicate that the decreased range in motion is *significant*. *See* Transcript ("Tr.") at 671–92, 871–72. The ALJ looked at these medical records and found that there was "no annotation in the treatment notes and reports of her medical sources to document any significantly decreased range of motion of her lumbar spine[.]" *Id.* at 151. The ALJ noted that any treatment Plaintiff received was conservative, and therefore determined that Plaintiff's statements about her limitations were not credible. Because the ALJ articulated the specific reasons for his findings and assessed the medical records as a whole, the Court sees no reversible error. Plaintiff's objection is **OVERRULED**.

## CONCLUSION

For all the foregoing reasons, the Court **AFFIRMS** the ALJ's decision and **ADOPTS** the Magistrate Judge's Report and Recommendation. Docket No. 19. This action is **DISMISSED WITH PREJUDICE**.

**So Ordered and Signed**
**Mar 14, 2018**

_____
Ron Clark, United States District Judge